Charles RECEVEUR, Appellant–
Petitioner,

v.

Edwin BUSS, et al., Appellees–
Respondents.

No. 33A04–0907–CV–394.

Court of Appeals of Indiana.

Jan. 25, 2010.

Charles A. Receveur, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Charles Receveur ("Receveur") filed a petition for a writ of habeas corpus in

Henry Superior Court claiming that he was being illegally detained by Edwin Buss, the commissioner of the Indiana Department of Correction, and Jeff Wrigley, the superintendent of the New Castle Correctional Facility (collectively "the Respondents"). In his petition, Receveur claimed that he was entitled to be released from incarceration because his parole had been unlawfully revoked. The trial court denied Receveur's request for relief. Receveur appeals and presents three issues, which we consolidate and restate as whether the revocation of Receveur's parole was based on a constitutionally impermissible *ex post facto* law. We find that Receveur's petition is more properly considered as a petition for post conviction relief. We affirm.

## Facts and Procedural History

On March 23, 1992, Receveur was convicted of Class B felony rape, Class B felony criminal deviate conduct, Class D felony criminal confinement, and Class D felony battery. On April 16, 1993, the trial court sentenced Receveur to consecutive terms of fifteen years on each of the Class B felony convictions, and three years on both Class D felony convictions, to be served concurrently with each other but consecutively to the sentences for the Class B felony convictions.

On January 10, 2008, Receveur was released on parole. Prior to being released, Receveur signed a document titled "Parole Stipulations for Sex Offenders" ("the Parole Stipulations"). One of the Parole Stipulations provided, "You shall participate in and complete periodic polygraph testing at the direction of your parole agent or any other behavioral management

professionals who are providing treatment o[r] assisting your parole agent in monitoring your compliance with your parole rules and special stipulations." Appellant's App. p. 29–30. Receveur initialed each of the Parole Stipulations.

While on parole, Receveur refused to take a polygraph test.[1] As a result, the Indiana Parole Board ("the Board") filed a parole violation report alleging that Receveur had violated the terms and conditions of his parole. On August 20, 2008, the Board held a hearing on the allegations and found that Receveur violated the terms and conditions of his parole by failing to "participate in and complete periodic polygraph testing" which the Board found was a failure to comply with the Parole Stipulations. Appellant's App. p. 35. The Board ordered Receveur to be re-incarcerated and "assessed the balance of [his] sentence." *Id.* at 37.

On March 31, 2009, Receveur filed a petition for a writ of habeas corpus in Henry Superior Court, claiming that he was being illegally detained because the Board had revoked his parole based upon the application of an alleged *ex post facto* law. Receveur's petition requested that he be "immediately released from unlawful detention." Appellant's App. p. 25. On April 1, 2009, the trial court entered an order issuing a writ of habeas corpus, directing the Respondents to explain their authority to hold Receveur in custody. On April 15, 2009, the Respondents filed a return to a writ of habeas corpus, claiming that Receveur was lawfully detained as a result of his violation of the conditions of his parole. The trial court held a hearing

---

1. In his brief, Receveur claims that he reported as instructed to take the polygraph examination but was "unable to take the polygraph test because the polygrapher gave Receveur specific instructions that Receveur followed." Appellant's Br. p. 2–3. However, the portion of the Appellant's Appendix cited by Receveur to support this statement is simply the statement of facts in his petition for a writ of habeas corpus. Moreover, Receveur does not develop any argument that the evidence was simply insufficient to support the revocation of his parole and instead focuses his argument on his *ex post facto* claim.

on the matter on May 1, 2009, and on May 13, 2009, entered an order denying Receveur's request for release. Receveur filed a motion to correct error on May 28, 2009, which the trial court denied on June 8, 2009. Receveur then filed a notice of appeal on July 1, 2009.

### Discussion and Decision

Receveur claims that the trial court erred in denying his petition for a writ of habeas corpus. But before addressing the merits of Receveur's appeal, we address the procedural posture of the case, because the State argues that Receveur's appeal should be treated as if it were from the denial of a petition for post-conviction relief.

To be sure, it appears that Receveur could have properly sought relief by filing a petition for post-conviction relief attacking the propriety of the revocation of his parole. *See* Ind. Post–Conviction Rule 1(1)(a)(5) (2009) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims ... that his sentence has expired, *his probation, parole, or conditional release unlawfully revoked*, or he is otherwise unlawfully held in custody or other restraint ... may institute at any time a proceeding under this Rule to secure relief."). Moreover, the fact that Receveur titled his petition as a petition for a writ of habeas corpus is not controlling. *See Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct.App.2008) (holding that petition for a writ of habeas corpus should have been treated as a petition for post-conviction

relief where the petitioner claimed that his parole was improperly revoked).

■ What is not clear is whether Receveur could properly seek relief through a petition for a writ of habeas corpus. The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint, and it may not be used to determine collateral matters not affecting the custody process. *Hannis v. Deuth*, 816 N.E.2d 872, 875 (Ind.Ct.App.2004); *Hardley*, 893 N.E.2d at 742. A petitioner is entitled to habeas corpus relief only if he is entitled to his immediate release from unlawful custody. *Hannis*, 816 N.E.2d at 875.

Here, Receveur did claim in his petition that he should be "immediately released from unlawful detention." Appellant's App. p. 25. However, looking at the merits of his petition, it is clear that Receveur is not claiming that he is entitled to be released because his sentence has fully expired.[2] *See Hardley*, 893 N.E.2d at 743. Instead, Receveur claims that his parole was improperly revoked. The State therefore appears to be correct that Receveur's petition should have been treated as a one for post-conviction relief.[3] *See id.* But regardless of how his petition was styled, we agree with the trial court that the underlying *ex post facto* claim in Receveur's petition is meritless.

■ Receveur's argument on appeal can be distilled to this: the revocation of his

---

2. In fact, Receveur admits that his sentence has not expired. *See* Appellant's Br. p. 13 ("[A] felon is released to either parole or probation; he is not completely discharged.").

3. Post–Conviction Rule 1(1)(c) provides, "if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, *attacking the validity of his conviction or sen-*

*tence,* that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule." (emphasis added). Here, because Receveur's petition did not attack the validity of his underlying conviction or sentence, the provision of this rule requiring transfer of the cause to the court of conviction does not appear to be applicable.

parole was based upon his refusal to submit to a polygraph examination, which constituted a violation of the Parole Stipulations that were preconditions to his release on parole. Receveur claims that the Parole Stipulations are authorized and/or required by a statute—Indiana Code section 11–13–3–4(g) (2004)—which was passed after he had committed his crimes and been convicted therefor. This, Receveur claims, constitutes a constitutionally impermissible *ex post facto* application of the statute.[4]

The statute Receveur attacks, Indiana Code section 11–13–3–4(g) ("Section 4(g)"), provides in relevant part:

As a condition of parole, the parole board:

(1) may require a parolee who is a sex offender (as defined in IC 11–8–8–4.5) to:

(A) participate in a treatment program for sex offenders approved by the parole board; and

(B) avoid contact with any person who is less than sixteen (16) years of age unless the parolee:

(i) receives the parole board's approval; or

(ii) successfully completes the treatment program referred to in clause (A); and

(2) shall:

(A) require a parolee who is a sex or violent offender (as defined in IC 11–8–8–5) to register with a local law enforcement authority under IC 11–8–8;

(B) prohibit a parolee who is a sex offender from residing within one thousand (1,000) feet of school property (as defined in IC 35–41–

1–24.7) for the period of parole, unless the sex offender obtains written approval from the parole board;

(C) prohibit a parolee who is a sex offender convicted of a sex offense (as defined in IC 35–38–2–2.5) from residing within one (1) mile of the victim of the sex offender's sex offense unless the sex offender obtains a waiver under IC 35–38–2–2.5;

(D) prohibit a parolee who is a sex offender from owning, operating, managing, being employed by, or volunteering at any attraction designed to be primarily enjoyed by children less than sixteen (16) years of age;

(E) require a parolee who is a sex offender to consent:

(i) to the search of the sex offender's personal computer at any time; and

(ii) to the installation on the sex offender's personal computer or device with Internet capability, at the sex offender's expense, of one (1) or more hardware or software systems to monitor Internet usage; and

(F) prohibit the sex offender from:

(i) accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children; and

(ii) deleting, erasing, or tampering with information on the sex offender's personal computer with intent to conceal an activity prohibited by item (i).

The parole board may not grant a sexually violent predator (as defined in IC

---

**4.** Receveur is proceeding *pro se*, but this does not mean that we will treat his brief any differently than we would if he were represented by counsel. Indeed, it has long been the rule in Indiana that *pro se* litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind.Ct.App.2004), *trans. denied.*

35–38–1–7.5) or a sex offender who is an offender against children under IC 35–42–4–11 a waiver under subdivision (2)(B) or (2)(C). If the parole board allows the sex offender to reside within one thousand (1,000) feet of school property under subdivision (2)(B), the parole board shall notify each school within one thousand (1,000) feet of the sex offender's residence of the order.

The problem with Receveur's argument is immediately apparent upon reading this subsection. Although many of the Parole Stipulations applicable to Receveur's parole are authorized or required by Section 4(g), Receveur's parole was specifically revoked because of his failure or refusal to take a polygraph examination. Yet polygraph examinations are not even mentioned in Section 4(g). Therefore, regardless of whether application of the parole conditions listed in Section 4(g) is constitutionally permissible, Receveur's parole was *not* revoked because of his failure to comply with any of the conditions set forth in Section 4(g). As such, Receveur's parole simply could not have been revoked based upon an impermissible *ex post facto* application of Section 4(g).[5]

Receveur's petition for a writ of habeas corpus is more properly considered as a petition for post-conviction relief. Because Receveur's parole was revoked based upon his failure to take a polygraph examination, and not because of his failure to comply with any of the conditions of parole found in the statute he now challenges, we cannot say that the trial court erred in denying Receveur's petition.[6]

Affirmed.

BARNES, J., and BROWN, J., concur.

---

5. As noted by the State, Indiana Code section 11–13–3–4(a) provides that "[a] condition to remaining on parole is that the parolee not commit a crime during the period of parole." Subsection 4(b) further provides that the Board "may also adopt ... additional conditions to remaining on parole and require a parolee to satisfy one (1) or more of these conditions. These conditions must be reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right." Receveur does not argue that the requirement that he submit to a polygraph examination is beyond the Board's authority under these statutory provisions, nor does he argue that application of these provisions constitutes an improper *ex post facto* law. And the latter argument would be frivolous even if it were made. Subsections (a) and (b) have been part of Indiana Code section 11–13–3–4 since it was enacted in 1979. *See* 1979 Ind. Acts p. 553, P.L. 120 § 6.

6. Receveur presents several new issues in his reply brief, among them that the Board failed to give him notice of the grounds for revoking his parole. However, Receveur did not present these issues to the trial court in his petition, nor did he present them in his appellant's brief. As such, these issues are waived for purposes of appellate review. *See GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 651 (Ind.Ct.App.2002) (noting general rule that a party may not present arguments or issues on appeal unless the party raised the arguments or issues to the trial court); Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief."); *Bunch v. State,* 778 N.E.2d 1285, 1287 n. 3 (Ind.2002) (noting that an issue not raised in an appellant's brief may not be raised for the first time in a reply brief).