FILED
Jan 16 2018, 8:53 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Anne C. Kaiser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradford M. Crowder, <br> *Appellant-Petitioner*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent*. | January 16, 2018 <br><br> Court of Appeals Case No. <br> 02A03-1704-PC-824 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D05-1209-PC-164 |

**Brown, Judge.**

[1] Bradford M. Crowder appeals the denial of his petition for post-conviction relief. He raises four issues which we consolidate as whether the post-conviction court erred in denying his petition. We affirm in part and reverse in part.

*Facts and Procedural History*

[2] On April 19, 2011, the State charged Crowder with Count I, child molesting as a class A felony, and other counts including child molesting as a class C felony, three counts of sexual misconduct with a minor as class B felonies, three counts of sexual misconduct with a minor as class C felonies, four counts of child exploitation as class C felonies, and vicarious sexual gratification as a class D felony.

[3] On August 12, 2011, Crowder entered a plea agreement, which stated: "COMES NOW the State of Indiana by Karen E. Richards, Prosecuting Attorney, 38th Judicial Circuit, pursuant to I.C. 35-35-3-3, and respectfully notifies the Court . . . ." Appellant's Appendix Volume II at 59. The agreement then listed ten numbered items which each had a line preceding the item. The first item indicated that Crowder would plead guilty to all of the charges except for child molesting as a class A felony, and the line preceding the item was not initialed. Item 2, which had a line containing no initials, provided:

> That at sentencing the Defendant, and Defendant's attorney, and the State may present facts and argument, but under all circumstances the Court shall have the final and full authority to

impose the sentence it deems proper, including the minimum and maximum allowed by Indiana law. Nothing in this agreement shall be construed to limit any victim privilege or right provided by law or the discretion of the Court.

*Id.* The line preceding item 6 which discussed the possibility of deportation was initialed by Crowder. Item 9, which had a line containing no initials, stated: "The Defendant knowingly, intelligently and voluntarily waives his/her right to challenge the reasonableness of the sentence received in this case under Appellate Rule 7(B). Defendant also knowingly, intelligently and voluntarily waives his/her right to challenge the sentence on the basis that it is erroneous." *Id.* at 60. Item 10, which had a line containing no initials, stated: "At sentencing the State agrees to dismiss COUNT I, CHILD MOLESTING, a CLASS A FELONY." *Id.* Crowder and his counsel signed a document stating:

> I, Bradford M. Crowder, represent that I am the defendant and that I have read this plea agreement or I have had my attorney read it to me. I represent that I understand the plea agreement and accept same voluntarily and without force, threat or other promises from anyone (other than the plea agreement).
>
> I further understand that I have a right to a speedy, public trial by court or by jury in the county in which the offense allegedly occurred; I have a right to require witnesses to be present at any hearing or at the trial for the purpose of testifying on my behalf and at my request subpoenas will be issued by the court requiring witnesses to appear for me; and, I have a right to remain silent and that I cannot be required to give any testimony or make any statement against myself to anyone. I understand that this plea of guilty waives (gives up) the aforesaid rights.

*Id.* at 61.

[4]     Also on August 12, 2011, the court held a hearing. Crowder stated that he had never been treated for any mental illness and had not suffered from a mental or emotional disability. He stated that he was not under the influence of alcohol or any drugs and that it was his intention to enter a plea of guilty. The court explained Crowder's rights, and Crowder indicated that he understood he would be giving up those rights by pleading guilty. The court read the plea agreement, including the provisions that Crowder "knowingly, intelligently and voluntarily waives his right to challenge the reasonableness of the sentence received in this case under Appellate Rule 7(B)" and "also knowingly, intelligently and voluntarily waives his right to challenge the sentence on the basis that it is erroneous." Guilty Plea Transcript at 17. Crowder indicated that he understood he was giving up his right to appeal his sentence. He indicated that he had not received any promises other than the plea agreement in order to induce him to plead guilty, that no one had forced or threatened him to induce him to plead guilty, and that pleading guilty was his own free and voluntary act.

[5]     On September 30, 2011, the court held a sentencing hearing. Crowder's counsel stated:

> We would submit that in October to January a time period
> during which these offenses occurred should represent an episode
> of single episode of criminal conduct and at the very least the
> non-child molesting laded [sic] allegations we would concede
> that that would be considered violent in nature so that one could
> be ran consecutively. However, the remainder of these charges

should based [sic] upon his single episode of criminal conduct we would submit should be ran concurrently and further that, that means that the combined sentence should not exceed what would be the next highest, the advisory on the next highest which would be the A so we would submit that a thirty (30) years cap here is in play.

Sentencing Transcript at 8. The prosecutor stated that Count I, child molesting as a class A felony, was dismissed because

> [S.] came in to my office and told me that while the abuse began when she was thirteen (13) there was more of the grooming techniques. He did not actually begin putting his penis in her mouth till she turned fourteen (14) and that's why that charge is dismissed that it started with him coming in and fondling her and touching her and grooming her and it was after she turned fourteen (14) that he began the more, more heinous sexual acts. And that's why that count was dismissed and why he pled guilty to the other charges.

*Id.* at 15-16.

[6]     The court found Crowder's guilty plea and acceptance of responsibility as mitigating circumstances. The court stated:

> Your attorney has further asked that I consider that these offenses be considered a single episode of conduct to justify concurrent sentencing and I think the case law clearly indicates that that is not correct. I certainly understand your Attorneys [sic] advancement of that argument but the case law does not support it. It's a series of events closely related in time, place and circumstances that makes something a series of single episode of conduct and this is clearly not one (1) instance. I don't know how many times you molested your daughter but it certainly wasn't once, or twice or even three (3) times.

*Id.* at 25. It found Crowder's criminal record and the extraordinary impact on Crowder's daughter as aggravators.

[7] The court sentenced Crowder to four years for child molesting as a class C felony, ten years each for the three counts of sexual misconduct with a minor as class B felonies, four years for each of the two counts of sexual misconduct with a minor as class C felonies, one year and 183 days for each of the two counts of vicarious sexual gratification as class D felonies, and four years for each of the four counts of child exploitation as class C felonies. The court ordered the sentences to be served consecutive to each other for an aggregate sentence of sixty-one years.

[8] On September 17, 2012, Crowder filed a petition for post-conviction relief. On June 26, 2015, the trial court entered an order granting Crowder's motion for permission to file a belated appeal and holding his petition for post-conviction relief in abeyance. In his appellate brief, Crowder argued that his sentence was inappropriate. On October 7, 2015, the State filed a motion to dismiss arguing that Crowder waived the right to appeal the appropriateness of his sentence in his plea agreement and because Crowder should have raised his challenge to the validity of his plea agreement by filing a petition for post-conviction relief. On November 20, 2015, this Court granted the State's motion to dismiss the appeal with prejudice. On January 22, 2016, this Court denied Crowder's petition for rehearing and stated that the appeal remained dismissed.

[9] On June 8, 2016, Crowder filed an amendment to his petition for post-conviction relief which alleged that his guilty plea was not entered knowingly, intelligently, and voluntarily and that he was denied the effective assistance of trial counsel.

[10] On September 30, 2016, the court held a hearing on Crowder's petition. The court admitted a letter dated July 29, 2011, from the deputy prosecuting attorney to Crowder's counsel which states:

> As I explained to you on the phone yesterday, I met with [S.]. [S.] clarified some issues that I had. She explained that the molestation began when she was 13 years old and her mother was pregnant with her little brother. The molestations started by her father coming into her room at night and touching her. This type of touching occurred several times. The touching was on top of her clothes on her breast. The first act of oral sex did not occur until after she turned 14.
>
> Based on this information the State will dismiss Count I prior to trial. However, the State is confident that we will secure a conviction on the 12 remaining counts based on [S.'s] testimony, your client's admission to the Detective that he began touching [S.] when she was thirteen, and the videos he took which we have.
>
> The State will give Mr. Crowder one final opportunity to plead guilty and avoid trial. He can plead to one of two plea offers. He can plead guilty to Counts II, III, IV and IX with a 30 year executed sentence. Or he can plead guilty straight-up to the 12 counts II-XIII. That will give him an opportunity to request a sentence of less than 30 years, but he could also receive a sentence of greater than 30 years. It is his choice. However, if a

plea agreement is going to be accepted, he must enter a plea of guilty on or before August 5, 2011.

Petitioner's Exhibit D.

[11] Crowder's trial counsel testified that he received a letter from a deputy prosecutor in July 2011 which stated that the deputy prosecutor had met with the victim and that she would be dismissing Count I and went on to say that she wanted Crowder to plead guilty to a series of counts. He testified he believed that one option in the letter was for Crowder to plead to a set term of thirty years and the other option was for him to plead straight up to a series of counts. He testified that Crowder rejected the offer of thirty years and chose to plead straight up to a series of counts, and that he recalled a separate conversation with the deputy prosecutor during which she reminded him that she could still technically proceed to trial on the count of child molesting as a class A felony based upon the victim's earlier statement. When asked if he advised Crowder that he was "not really getting much of a benefit for the dismissal of the A Felony," trial counsel answered, "I didn't because again, I didn't read it that way because her assessment that she could still technically proceed on the victim's prior statement as often occurs when victims, even another context, recant or change their statement as to certain factors involved in the case." Post-Conviction Transcript at 11.

[12] On cross-examination, trial counsel indicated that Crowder rejected the thirty-year deal based upon his conversations with a couple of inmates at the county jail and another attorney in which he heard that the charges would have to be

served concurrent with one another and that they could not be served consecutively. Trial counsel testified that he advised Crowder that that was not correct and that the sentences could be served consecutively. When asked if he advised Crowder that he could receive more than thirty years if he took the open plea, trial counsel answered, "Definitely." *Id.* at 14. He testified that Crowder also wanted the opportunity to argue for a sentence less than thirty years. When asked about the possibility of going to trial, Crowder stated: "Trial wasn't really part of the analysis because of the overwhelming amount of evidence that the State had against him. He never really talked about exercising that as an option, in my memory." *Id.*

[13] Crowder testified that his trial counsel did not explain that the State said they would dismiss the A felony due to the victim's clarification of her age and that he did not recall his attorney explaining the appellate waiver in the plea agreement. When asked if he would have accepted the plea with the appellate waiver if he knew he was not receiving a benefit for the waiver, Crowder answered, "Absolutely not." *Id.* at 23. He stated that he would have considered the other plea or gone to trial.

[14] On cross-examination, Crowder testified:

> I really did not want to go to trial. I figured I had already put my daughter and my family through enough. I was guilty. I was willing to own up to that. However, if any of the offers that were presented to me were not in my mind of what I thought was adequate or fair for what happened then I absolutely would have gone to trial.

*Id.* at 26. Crowder also acknowledged that the plea he accepted allowed him to argue for a sentence of less than thirty years. He testified that he had the concept that he could not be sentenced to more than thirty years from discussing it with other individuals. During re-cross examination, Crowder testified that he would have seriously considered the thirty-year fixed plea, but could not say for certain whether he would have accepted the offer.

[15] On March 22, 2017, the court denied Crowder's petition. The order states in part:

### CONCLUSIONS OF LAW

\* \* \* \* \*

3. Mr. Crowder's testimony [Findings of Fact, ¶ 7] establishes that he was motivated to plead guilty because he knew he was guilty, he did not want to put his daughter through a trial, and he did not know of any defense he could have presented at trial. He does not assert that the Court misled him, and he acknowledges that the prosecutor did not mislead him, about the possibility of being convicted on Count I. Post-Hearing Brief in Support of Amended Post-Conviction Relief Petition (hereinafter Petitioner's Brief), at 6. The evidence establishes that [trial counsel] did not advise him correctly on that point [Findings of Fact, ¶¶ 5-6], but does not establish that the illusory possibility of being convicted on Count I played any part in Mr. Crowder's decision to plead guilty rather than go to trial. Mr. Crowder now asserts that, had he known he was getting no benefit for the waiver of his right to appeal, "[h]e most likely would have accepted the thirty-year fixed plea because he did not want to put his daughter through trial" – not that he would have decided to go to trial. Petitioner's Brief, at 5. Before pleading guilty, he was already aware that he was not guilty of the offense charged in

Count I because the victim was at least 14 years old at the time; therefore, he repeatedly rejected plea offers calling for him to plead guilty to that count. *Id.* at 2. Mr. Crowder did not testify, and no evidence suggests, that he had any actual fear of being convicted on Count I if he went to trial. In the language of *Willoughby* [*v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003), *trans. denied*], although it appears that Mr. Crowder did hold an incorrect belief about penal consequences, there is no evidence that any resulting "intimidation" was "material to his decision to plead guilty." In short, no objective facts support the conclusion that Mr. Crowder's decision to plead guilty rather than go to trial was "driven" by the illusory threat of conviction on Count I, nor by any advice or lack of advice from [trial counsel] about the possibility of conviction on that count. Furthermore, the strength of the State's case was very great, as indicated by [trial counsel's] acknowledgement that the evidence was overwhelming [Findings of Fact, ¶ 6]; the prosecutor's uncontradicted assertion that nine (9) videos from Mr. Crowder's cell phone depicted the offenses [*id.*, ¶ 4]; and Mr. Crowder's own lack of knowledge of any defense he could have presented at trial [*id.*, ¶ 7]. Thus, two of the three factors identified in *Suarez* [*v. State*, 967 N.E.2d 552, 555-556 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*], strongly tend to establish that Mr. Crowder was not induced to plead guilty by the illusory threat of conviction on Count I, nor by deficient advice from [trial counsel] regarding that count.

4. . . . . Through his own fault in disregarding relevant advice from [trial counsel], and relying on bad advice from fellow inmates as well as his own conjecture that all his offenses over a period of months might have formed a single episode of criminal conduct, Mr. Crowder erroneously believed that the benefit conferred by the open plea offer he accepted was greater than it really was [Findings of Fact, ¶¶ 6-7]. . . . Mr. Crowder's guilty plea cannot be invalidated as involuntary on the ground that any benefit actually conferred by the plea did not include a limitation of his sentencing exposure to 30 years, because he was not misled into holding his incorrect belief that it did include such a

limitation by the judge, the prosecutor, or defense counsel – and indeed defense counsel advised him to the contrary [Findings of Fact, ¶ 6].

5.  In summary, Mr. Crowder's guilty plea cannot be invalidated as involuntary because no one misled him to believe he could actually be convicted on Count I, and (more importantly) because he has not shown that he would have decided to go to trial rather than plead guilty had he known that Count I was to be dismissed in any event.  Of the three factors identified in *Suarez*, 967 N.E.2d at 555-556, two (objective factors establishing that the decision to plead guilty was "driven" by an illusory threat or erroneous advice, and the strength of the State's case) strongly tend to establish that Mr. Crowder's guilty plea was voluntary, and the third (the benefit provided by the guilty plea) does not tend to establish that it was *not* voluntary.  [Trial counsel] did fail to advise Mr. Crowder that Count I was to be dismissed in any event, but Mr. Crowder has not shown a reasonable probability that he would have decided to go to trial rather than plead guilty if he had been so advised, and he tacitly admits as much.  Petitioner's Brief, at 10 (Mr. Crowder no longer asserts that he would have decided to go to trial, but asserts only that "there is a reasonable probability that he would have chosen the [30-year] fixed plea or entered into an open plea without a written plea agreement to preserve his appellate rights."

*  *  *  *  *

10.  There was no point at which Mr. Crowder could have entered a plea of guilty to Counts II through XIII without a plea agreement (thereby preserving his right to appeal his sentence) after the dismissal of Count I [Findings of Fact, ¶ 5].  An open plea offer with no waiver of his right to appeal his sentence, otherwise identical to the offer he did accept, was not tendered.  It is not clear whether Mr. Crowder would have accepted such an offer had it been tendered.

Mr. Crowder did not testify that he would have done so [Findings of Fact, ¶ 7]; he did not tell [trial counsel] that he wished to do so [*id.*, ¶ 6]; and he expressly disclaimed any interest in doing so at the guilty plea hearing [*id.*, ¶ 4]. On the other hand, as Count I was to be dismissed in any event, Mr. Crowder received no real benefit in exchange for the waiver of his right to appeal, and [trial counsel] appears to have erred in overlooking this point [*id.*, ¶¶ 5-6]. It would not be difficult to see a reasonable probability that, had [trial counsel] pointed out to the prosecutor that Mr. Crowder was getting no real benefit in exchange for his waiver of the right to appeal, the prosecutor would have decided to revise the plea offer to eliminate the waiver, rather than take Mr. Crowder's remaining 12 counts to trial. In that event, it appears probable that Mr. Crowder would have accepted that revised plea offer. Thus, on the supposition that [trial counsel's] performance in failing to do so was deficient, Mr. Crowder's defense would have suffered prejudice to the extent that he lost his right to appeal his sentence. *See Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006) (if counsel's performance was deficient, defendant may prove prejudice by showing a reasonable probability – that is, a probability "sufficient to undermine confidence in the outcome" – that, but for the claimed errors, the result of the proceeding would have been different); [*Missouri v. Frye*, 132 S.Ct. 1399, 1409-1410 (2012)] (defendant may prove prejudice by showing reasonable probability that he would have accepted a more favorable plea offer if not for counsel's error).

11. The only remedy available to Mr. Crowder on the suppositions set forth in paragraph 10 above, however, would be to restore him to the same position he would have occupied if not for [trial counsel's] error in failing to procure an open plea agreement with no waiver of the right to appeal. *See Marshall* [*v. State*, 621 N.E.2d 308, 318 (Ind. 1993)], *Flanders* [*v. State*, 955 N.E.2d 732, 752 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied*]. This could only be done by severing the waiver provision and restoring Mr. Crowder's right to pursue a timely appeal of his

sentence, the same right he would have possessed at the time of sentencing if not for the waiver. *See Frye*, 132 S.Ct. 1399; *Lee v. State*, 816 N.E.2d 35, 39-40 (Ind. 2004) (a court can sever an illegal provision of a plea agreement, and enforce the remainder, if the basic purpose of the agreement has not been frustrated). As Mr. Crowder now asserts only that "[t]he proper remedy in this case is for the plea to be vacated," not that his right to appeal his sentence for his existing convictions should be restored [Petitioner's Brief, at 10-11], it appears that he has waived any claim of entitlement to the only arguably available remedy.

12. [Crowder] has failed to prove his claim on the merits by a preponderance of the evidence.

13. The Petition for Post-Conviction Relief is hereby denied.

Appellant's Appendix Volume III at 134-143.

## *Discussion*

Before addressing Crowder's allegations of error, we note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which

leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[17] Crowder argues that his plea was not knowing, intelligent, or voluntary where he did not know the dismissal of the charge of child molesting as a class A felony was due to a lack of evidence and that he received no material benefit while also waiving his appellate rights. He argues that the post-conviction court clearly erred when it held that he did not show that the dismissal of Count I was a motivating factor in his decision to accept the open plea. In other words, he asserts that he accepted the open plea under the illusory threat that the State would proceed on Count I unless he accepted either of the two proffered pleas. Crowder contends that he received ineffective assistance of counsel when his counsel failed to advise him that the open plea provided no benefit. He also asserts that he waived his right to appeal his sentence, but that he did not do so knowingly, intelligently, and voluntarily. He argues that the post-conviction court erred when it determined that he might be entitled to a direct appeal of his sentence but waived that remedy by advocating for vacating his plea agreement. He requests that we reverse the denial of post-conviction relief and order that his guilty plea be vacated or, at a minimum, order that his appellate waiver be severed from his plea agreement so he may proceed to appellate review of his sentence.

[18]     The State argues that Crowder was not motivated to plead guilty by an illusory threat of prosecution for child molesting as a class A felony and that his plea offered the benefits of allowing him to argue for a sentence less than thirty years, unlike an earlier plea offer, and avoid the futility of a trial. The State contends that Crowder's trial counsel was not ineffective, and that Crowder's waiver of his right to appeal his sentence was knowing and voluntary. It also contends that, given Crowder's repeated failures to request that he be allowed to appeal his sentence, the post-conviction court properly determined that he waived any claim of entitlement. It asserts that alternatively, should this Court find that Crowder's appellate waiver was not knowing or voluntary or that trial counsel was ineffective in failing to advise Crowder that his appellate waiver inured no benefit to him, the remedy that would restore Crowder to the same position he would have occupied if not for these errors would be to reinstate his right to appeal his sentence. In reply, Crowder argues in part that he did not waive any remedy.

[19]     With respect to the voluntariness of his guilty plea, the Indiana Supreme Court has held that a plea entered after the trial judge has reviewed the various rights which a defendant is waiving and made the inquiries called for by statute is unlikely to be found wanting in a collateral attack. *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind. 1997), *reh'g denied*, *cert. denied*, 523 U.S. 1079 (1998). However, defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief. *Id.* at 1266. In assessing the voluntariness of the

plea, we review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record. *Id.* In *Moore*, the Court held that "[v]oluntariness is also distinct from ineffective assistance of counsel, despite some references in our cases to pleas as involuntary" and that voluntariness "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." *Id.*

[20] Generally, to prevail on a claim of ineffective assistance of counsel a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), *reh'g denied*). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

[21] When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State*, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Clark v. State*, 668 N.E.2d 1206, 1211 (Ind. 1996), *reh'g denied*, *cert. denied*, 520 U.S. 1171, 117 S. Ct. 1438 (1997).

[22] Because Crowder was convicted pursuant to a guilty plea, we analyze his claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* categorizes two main types of ineffective assistance of counsel cases. *Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). The first category relates to "an unutilized defense or failure to mitigate a penalty." *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003), *trans. denied*. The second relates to "an improper advisement of penal consequences," and this category has two subcategories: (1) "claims of intimidation by exaggerated penalty or enticement by an understated maximum exposure;" or (2) "claims of incorrect advice as to the law." *Id.* Crowder's claim, which is that his trial counsel failed to advise him that the open plea provided no benefit, appears to fall under the second category.

[23] With respect to claims of exaggerated penalty, the *Segura* Court stated:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the postconviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and postconviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the postconviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

*Segura*, 749 N.E.2d at 504-505. *See also Willoughby*, 792 N.E.2d at 563 (holding that it was immaterial whether the petitioner's claim was of an involuntary plea or ineffective assistance and that under either standard, the petitioner must demonstrate that the intimidation resulting from his trial counsel's failure to inform him of the single larceny rule was material to his decision to plead guilty); *Graham v. State*, 941 N.E.2d 1091, 1101-1102 (Ind. Ct. App. 2011) (holding that the standard set out in *Segura* and *Willoughby* was equally applicable to straightforward claims of an involuntary or illusory plea), *aff'd on reh'g*, 947 N.E.2d 962.

[24] In *Segura*, with respect to prejudice from advice that omits or misdescribes penal consequences, the Court held:

> We see no reason to require revisiting a guilty plea if, at the end of the day, the inevitable result is conviction and the same sentence. Yet, we agree that in extreme cases, a credible scenario can be posited that results in a truly innocent defendant pleading guilty because of incorrect advice as to the consequences. The cases where a showing of prejudice from incorrect advice as to the inevitable consequences of conviction will be able to be made may be few. If such a circumstance is shown, however, the defendant should not be stripped of the presumption of

innocence, the requirement of proof beyond a reasonable doubt, and the other procedural rights that are not available in postconviction proceedings. To require a showing of innocence to obtain a new trial would have that effect. Accordingly, we conclude that in order to state a claim for postconviction relief a petitioner may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. To state a claim of prejudice from counsel's omission or misdescription of penal consequences that attaches to both a plea and a conviction at trial, the petitioner must allege, in *Hill's* terms, "special circumstances,"[1] or, as others have put it, "objective facts"[2] supporting the conclusion that the decision to plead was driven by the erroneous advice.

We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. . . . [A] petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. 366.

. . . [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient.

---

[1] *Hill* [*v. Lockhart*, 474 U.S. 52, 60, 106 S. Ct. 366 (1985)].

[2] *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193, 1201 (Ct. App. 2000)[, *review denied*, *cert. denied*, 534 U.S. 825, 122 S. Ct. 63 (2001)].

> Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Segura*, 749 N.E.2d at 507.

[25] Relying upon *Segura*, this Court later held, "when an error in advice supports a claim of intimidation by exaggerated penalty, a petitioner must establish specific facts that lead to the conclusion that a reasonable defendant would not have entered a plea had the error in advice not been committed." *Willoughby*, 792 N.E.2d at 564. "In addition to any special circumstances shown by the defendant, we also think it appropriate to consider the strength of the State's case." *Suarez v. State*, 967 N.E.2d 552, 556 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. "It is apparent that any reasonable defendant would take this into account when pondering a guilty plea." *Id.* It is "also appropriate to consider the benefit conferred upon the defendant by his guilty plea." *Id.*

[26] The post-conviction court concluded that the evidence does not establish that the illusory possibility of being convicted on Count I played any part in Crowder's decision to plead guilty rather than go to trial. The record reveals that Crowder rejected the thirty-year deal because of his understanding based upon conversations with others that the charges would have to be served concurrently with each other and they could not be served consecutively. Crowder's trial counsel testified that he advised Crowder that that was not correct, that the sentences could be served consecutively, and that he could receive more than thirty years if he took the open plea. Trial counsel testified

that Crowder wanted the opportunity to argue for a sentence of less than thirty years, that trial "wasn't really part of the analysis because of the overwhelming amount of evidence that the State had against him," and that Crowder "never really talked about exercising that as an option, in my memory." Post-Conviction Transcript at 14. While Crowder testified that he would not have accepted the plea agreement he ultimately accepted, he also testified that he did not want to go to trial, had already put his daughter and family through enough, was guilty, was willing to own up to that, the plea he accepted allowed him to argue for a sentence of less than thirty years, and that he had the concept that he could not be sentenced to more than thirty years from discussing it with individuals other than his trial counsel. Under the circumstances, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.

[27] With respect to the waiver provision in Crowder's plea agreement, the State does not challenge the post-conviction court's findings that Crowder's trial counsel did not advise him that the plea agreement provided no benefit to him, that trial counsel would not have advised Crowder to accept an open plea if he knew it provided no benefit, and that trial counsel did not ask the prosecutor to remove the waiver after learning that Count I was to be dismissed in any event. Also, the State does not challenge the post-conviction court's conclusions that Crowder's trial counsel failed to advise him that Count I was to be dismissed in any event or that his trial counsel "appears to have erred in overlooking this

point." Appellant's Appendix Volume III at 110. We also observe that the post-conviction court concluded:

> It would not be difficult to see a reasonable probability that, had [trial counsel] pointed out to the prosecutor that Mr. Crowder was getting no real benefit in exchange for his waiver of the right to appeal, the prosecutor would have decided to revise the plea offer to eliminate the waiver, rather than take Mr. Crowder's remaining 12 counts to trial.

*Id.*

[28] We note that Crowder's amendment to his petition asserted that his counsel should have advised him to not accept a plea agreement that waived his appellate rights when he received no benefit for the waiver. While Crowder's post-hearing brief stated that the proper remedy was for the plea to be vacated, we conclude that he did not explicitly waive the remedy of severing the provision related to the waiver of his right to appeal his sentence from the plea agreement in the event that the post-conviction court found that vacation of the plea agreement was not warranted. Further, his proposed findings of fact stated:

> [If this court finds Crowder did not meet his burden to show his entire guilty plea must be vacated:] This court concludes that paragraph nine is void, but the remainder of the plea agreement should remain intact. This court does not find that Crowder has waived this form of relief by arguing that the proper remedy is to vacate the appeal, especially where Crowder maintains in his post-hearing brief that the waiver is void. Pet.'s Br. at 7. This court directs the Allen County Public defender to appoint counsel to perfect an appeal of Crowder's sentence.

*Id.* at 127 (bracketed text appears in original).

[29] The State asserts that, should this Court find that Crowder's appellate waiver was not knowing or voluntary or that the trial counsel was ineffective in failing to advise him that his appellate waiver inured no benefit to him, the proper remedy would be to reinstate his right to appeal his sentence.[3] Under these circumstances, we reverse the post-conviction court's finding that Crowder waived the alternative remedy of permitting him to pursue an appeal of his sentence.

## *Conclusion*

[30] For the foregoing reasons, we affirm the post-conviction court's order to the extent it upheld the plea agreement and reverse that portion of the court's order finding that Crowder waived the remedy of permitting him to pursue an appeal of his sentence.

[31] Affirmed in part and reversed in part.

Najam, J., and Kirsch, J., concur.

---

[3] Both the State and Crowder cite Lee v State, 816 N.E. 2d 35 (Ind. 2004), also cited in the post-conviction court's order, in support of severing a provision of a plea agreement.