## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 16 2020, 5:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Rodney Duane Johnson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rodney Duane Johnson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 16, 2020

Court of Appeals Case No.
19A-PC-1620

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1708-PC-30

**Crone, Judge.**

[1] Rodney Duane Johnson appeals the denial of his successive petition for post-conviction relief ("PCR"). We affirm.

[2] In 2006, a jury found Johnson guilty of murder and arson based on his 1996 shooting of Lyman Diggins and his burning of Diggins's body and vehicle with gasoline. Johnson's appellate counsel used the *Davis/Hatton* procedure to file both a PCR petition and a direct appeal. In his PCR petition, Johnson argued that the State failed to disclose that jailhouse informants who testified against him had been promised leniency; the post-conviction court denied his petition. In his direct appeal, Johnson argued that the trial court erred in admitting hearsay evidence. Another panel of this Court affirmed the post-conviction court's ruling on the basis that no promises of leniency had been made, and affirmed the trial court's ruling on the basis that Johnson had failed to preserve the hearsay issue. *Johnson v. State*, No. 71A03-1103-PC-97, 2011 WL 5928057 (Ind. Ct. App. Nov. 29, 2011). Johnson's appellate counsel did not file a petition to transfer to our supreme court.[1] In 2017, this Court allowed Johnson to file a successive PCR petition limited to the issue of whether his appellate counsel was ineffective in not filing a petition to transfer. In 2019, after a hearing at which Johnson was represented by counsel, the post-conviction court denied Johnson's successive PCR petition.

[3] Johnson now appeals pro se, "but this does not mean that we will treat his brief any differently than we would if he were represented by counsel." *Receveur v. Buss*, 919 N.E.2d 1235, 128 n.4 (Ind. Ct. App. 2010), *trans. denied*. "Indeed, it

---

[1] Counsel informed Johnson via letter that he was unable to file a petition to transfer due to a policy change in the public defender's office; the letter was sent after the deadline for filing a petition had passed. Appellant's App. Vol. 2 at 142.

has long been the rule in Indiana that pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Id*. (italics omitted). "We will not become an 'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016) (citation omitted), *trans. denied* (2017).

[4] "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Crowder v. State*, 91 N.E.3d 1040, 1048 (Ind. Ct. App. 2018). A petitioner appealing from the denial of PCR appeals from a negative judgment. *Id*. "On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court." *Id*.

> Generally, to prevail on a claim of ineffective assistance of counsel a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong will cause the claim to fail.

*Id*. (citations omitted).

As best we can tell, Johnson's argument appears to be that his appellate counsel was ineffective in failing to file a petition to transfer because it foreclosed his ability to seek habeas corpus relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State[.]"). Assuming, purely for argument's sake, that Johnson's counsel performed deficiently in not filing a petition to transfer,[2] we note that Johnson has failed to develop a cogent argument with citations to relevant authority that there is a reasonable probability that a federal habeas proceeding would have been successful, i.e., that he was prejudiced by counsel's allegedly deficient performance.[3] Accordingly, we find Johnson's claim waived and affirm the denial of his successive PCR petition. *See Collins v. State*, 911 N.E.2d

---

[2] The United States Supreme Court has held that a criminal defendant has no constitutional right to counsel to pursue discretionary state appeals, such as a petition to transfer to the Indiana Supreme Court, *see* Ind. Appellate Rule 57(H) ("The grant of transfer is a matter of judicial discretion."), and therefore a defendant cannot "be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Wainwright v. Torna*, 455 U.S. 586, 588 (1982).

[3] Johnson does not specifically argue that there is a reasonable probability that the Indiana Supreme Court would have granted a petition to transfer and reversed his convictions; indeed, he states that "[w]hether or not the transfer is granted is not the issue." Appellant's Br. at 7. In a footnote in the table of contents volume of his appendix, Johnson purports to raise an argument that the trial court erred in not striking the testimony of a fingerprint examiner, who testified without objection that one of Johnson's fingerprints matched a latent fingerprint on a plastic gasoline cap found near Diggins's burned vehicle and body, because a second fingerprint examiner who allegedly confirmed the identification did not testify at trial. We advise Johnson that an appendix is not the proper vehicle for raising substantive arguments and that "post-conviction procedures do not provide a petitioner with a 'super appeal' or opportunity to consider freestanding claims that the original trial court committed error. Such claims are available only on direct appeal." *Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001), *cert. denied* (2002).

700, 709 (Ind. Ct. App. 2009) (finding appellant's claim waived for lack of cogent argument), *trans. denied*.

[6]     Affirmed.

May, J., and Pyle, J., concur.